UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

v.

                              Case No. 3:23-cv-88-MMH-SJH

SGT. CICCONE, Individual and
official capacity,

    Defendant.
_____/

## SUMMARY JUDGMENT NOTICE AND COURTESY COPIES

A motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, has been filed in this case. Unless the Court notifies the parties otherwise, there will not be a summary judgment hearing; instead, the Court will decide any motion for summary judgment on the basis of the motion, response, briefs or legal memoranda, and evidentiary materials filed by the parties. Unless otherwise specifically ordered by the Court, any response to a motion for summary judgment, as well as all supporting evidentiary materials (counter-affidavits, depositions, exhibits, etc.) **must be filed** with the Clerk of this Court in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

The parties must submit courtesy copies of any motion, response, and authorized reply that exceeds twenty-five (25) pages (including exhibits or other supporting evidentiary materials) in length. Courtesy copies should be

mailed by United States mail or other reliable service to Chambers promptly after the electronic filing.

The following explanatory admonitions are included here for the benefit of pro se parties (i.e., parties not represented by an attorney) who oppose a summary judgment motion. **In addition to the above paragraph**, you are also **advised** that if the Court grants a motion for summary judgment, that decision would be a **final decision** of the Court in favor of the party filing the motion ("the movant"). As a result of such final decision, there would be no trial or other proceedings in this case, and you would likely be precluded from later litigating this matter or any related matters. Therefore, **you are hereby cautioned**: (1) failing to respond to a motion for summary judgment will indicate that the motion is not opposed; (2) all material facts asserted by the movant in the motion will be considered to be admitted by you unless controverted by proper evidentiary materials (counter-affidavits, depositions, exhibits, etc.) filed by you; and (3) you may not rely solely on the allegations of the issue pleadings (e.g., complaint, answer, etc.) in opposing the motion. See Griffith v. Wainwright, 772 F.2d 822,825 (11th Cir. 1985).

FOR THE COURT

Date: August 28, 2024

BY: JW, Deputy Clerk

Copies to:
Counsel of Record
Pro Se Parties