UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,
DC# B06604,
    Plaintiff,

v.                                       CASE NO.: 3:23-cv-88-MMH-SJH

SGT. CICCONE, et al.
    Defendants.
_____/

### RESPONSE TO MOTION TO EXTEND TIME TO RESPOND AND REOPEN DISCOVERY

Defendant Alexander Ciccone ("Defendant") hereby responds to Plaintiff's "Motion to Extend Time to Respond Defendant's Summary Judgment Motion Pursuant to Fed. R. Civ. P. 56(d)" ("Motion"). (Doc. 50). In his Motion, Plaintiff seeks to reopen discovery and a 60-day extension to respond to Defendant's Motion for Summary Judgment (Doc. 45). Defendant does not oppose a short extension of time to file a response, but Defendant asserts that Plaintiff's request to reopen discovery should be denied:

### STATEMENT OF FACTS

On January 4, 2024, this Court issued the Case Management and Scheduling Order (Doc. 25) setting a deadline of March 27, 2024, for requesting discovery, and April 26, 2024, for the completion of all discovery requests. The Order advised Plaintiff regarding the various methods in which

1

discovery could be obtained. (Doc. 25 at 2). Additionally, the Order recommended Plaintiff the "*Guide for Proceeding Without a Lawyer and Middle District Discovery*" which can be found on the Court's website. (Doc. 25 at 4).

Plaintiff served Defendant interrogatories and requests for production pursuant to Fed. R. Civ. P. 33 and 34. Additionally, Plaintiff filed 2 motions to compel (Doc. 31 & Doc. 39) alleging that Defendant had failed to respond in a timely manner. This Court denied the motions as moot. (Doc. 33 & Doc. 44).

By August 16, 2024, Plaintiff and attorney James V. Cook, were corresponding by mail. *See* Exhibit A. On August 27, 2024, Defendant filed his Motion for Summary Judgment. (Doc 45). Then, on October 8, 2024, Plaintiff filed a motion for an extension of time to respond to the motion for summary judgment. (Doc. 47). This Court granted Plaintiff's motion and extended the deadline to November 15, 2024. (Doc. 48).

On November 12, 2024, Plaintiff's counsel, James V. Cook entered his notice of appearance. (Doc. 49). On November 14, 2024, Plaintiff's counsel left undersigned counsel a voicemail stating that he was going to file a motion for a 60-day extension of time to respond and to reopen discovery. Undersigned responded by email, stating the Defendant opposed the motions and gave the reasons for opposing. Plaintiff's counsel did not respond to the email. On November 15, 2024, Plaintiff filed his Motion to Extend Time to Respond

2

Defendant's Summary Judgment Motion Pursuant to Fed. R. Civ. P. 56(d), in which he seeks to reopen discovery over 6 months after discovery closed. (Doc. 50).

## MEMORANDUM OF LAW

As the deadline for discovery has expired, Plaintiff must demonstrate good cause as to why discovery should be reopened. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]"). In addition, when a motion to extend discovery is filed after the expiration of the deadline, the moving party also must demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff had the opportunity to conduct discovery during the initial discovery period and he did so. Plaintiff served Defendant with interrogatories and requests for production pursuant to Fed. R. Civ. P. 33 and 34. Plaintiff's discovery requests were highly relevant to his claims. Furthermore, Plaintiff filed two motions to compel when he believed Defendant was not responding to his discovery requests in a timely manner. (Doc. 31 & 39). Plaintiff has demonstrated the capability to conduct discovery irrespective of his *pro se*

status. Accordingly, Plaintiff was not prejudiced by the lack of counsel during the initial discovery period.

Plaintiff states that discovery should be reopened because now that he has obtained an attorney, he has become aware of the need for certain records for the first time. (Doc. 50 at 1-2). However, Plaintiff does not specify how each specific record will aid Plaintiff in completing his response in opposition. Plaintiff has not provided any explanation as to why any of the following are pertinent to the claims before this Court:

1. Bed Assignments: Defendant provided Angel Herrera's DC6-229 as an exhibit to his motion for summary judgment which lists his bed assignment. Plaintiff has not explained why information regarding additional bed assignments is needed.

2. Herrera Classification file: Plaintiff has already requested relevant records regarding Herrera.

3. Any surveillance video: Plaintiff already requested video and was informed that there are no relevant videos that have been retained.

4. Investigation and Incident Reports: Plaintiff has already requested investigation and incident reports. Further, Plaintiff purchased copies of the documents provided.

5. Limited Depositions: Plaintiff has not provided the names of the witnesses he seeks to depose. Nor has Plaintiff specified what prevented him from deposing any witnesses during the first discovery period.

6. Plaintiff's Affidavit on Personal Knowledge: Defendant does not oppose Plaintiff providing an affidavit as part of his response to Defendant's Motion for Summary Judgment.

7. IM70 and IM29 screens: Defendant's motion for summary judgment establishes that Defendant did not run the Housing Integrated Assessment and Placement system to screen the compatibility of Plaintiff and Angel Herrera. Thus, Defendant did not see the IM70 and IM29 screens.

8. Duty Rosters: In his complaint, Plaintiff did not allege that any other officer was a witness or accompanied Defendant in escorting Plaintiff into the cell with Angel Herrera in his complaint.

Accordingly, there is no good cause to reopen discovery, as Plaintiff's motion does not articulate how any additional discovery will help the Court in the consideration of the pending motion for summary judgment. Some of the records sought by Plaintiff have already been provided and are in Plaintiff's possession. Further, several records are irrelevant to Plaintiff's claims.

Defendant's Motion for Summary Judgment has already been filed on August 27, 2024. Allowing Plaintiff to reopen discovery at this stage would prejudice Defendant and cause unnecessary delay and expenses. Plaintiff has not met the standard for Fed. R. Civ. P. 56(d), as he has not demonstrated why he is unable to oppose summary judgment at this time.

To the extent that Plaintiff argues that he should be given an extension to conduct discovery because he just obtained counsel, Plaintiff had the ability to obtain counsel earlier in the proceedings. In a letter to undersigned dated June 28, 2024, Plaintiff wrote, "I have decided to make another settlement offer before reaching out to outside attornies such as James V. Cook Marrie Mattox or the Akbar law firm to assist in helping prepare my case for trial." *See*

5

Exhibit A. Therefore, Plaintiff was able to obtain an attorney but failed to do so. Additionally, Plaintiff and Attorney Cook have been in communication at least since August 16, 2024, when Attorney Cook sent Plaintiff mail. *See* Exhibit B. However, Attorney Cook did not enter his appearance until November 12, 2024 – over two months after Defendant filed his motion for summary judgment.

Further, Plaintiff's counsel failed to confer meaningfully with Defendant's counsel. "The term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good[-]faith effort to resolve the motion without court action. Counsel who merely 'attempt' to confer have not 'conferred.'" *Selectica, Inc. v. Novatus, Inc.*, No. 6:13–CV–1708–ORL–36, 2014 WL 1930426, at *2 (M.D. Fla. May 14, 2014). On November 14, 2024, Plaintiff's counsel left a voicemail stating that he would be filing a motion for an extension of time to file a response and conduct discovery. That afternoon, undersigned emailed Plaintiff's counsel, stating Defendant's opposition. *See* Exhibit C. Undersigned stated that Plaintiff's counsel had failed to identify what discovery he would be seeking. Plaintiff's counsel never responded. Accordingly, there was no substantive conversation regarding the relief sought in Plaintiff's motion.

6

For the reasons above, this Court should first consider and grant Defendant's Motion for Summary Judgment, which would moot Plaintiff's motion to reopen discovery.

Respectfully submitted,
**ASHLEY MOODY**
ATTORNEY GENERAL
*/s/ Juanita Villalpando*
Juanita Villalpando
Assistant Attorney General
Florida Bar No.: 1036083
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Juanita.Villalpando@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Response to Motion to Reopen Discovery* has been electronically filed and served on all counsel registered on November 29, 2024.

s/ *Juanita Villalpando*
Juanita Villalpando, Esq.
