UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88-MMH-SJH

**PLAINTIFF'S REPLY TO DEFENDANT CICCONE'S RESPONSE (ECF 52) TO PLAINTIFF'S MOTION TO EXTEND TIME AND REOPEN DISCOVERY**

    COMES NOW the Plaintiff, BYRON ANDREWS and makes this Reply to Defendant Ciccone's Response (ECF 52) to his Motion to Extend Time to Respond to Summary Judgment and Reopen Discovery, and would show:

    1. Defendant Ciccone, through counsel, has not opposed a short extension of time for Plaintiff to file a response, for which Plaintiff is grateful.

    2. However, Defendant asks that Plaintiff's Motion to Reopen Discovery for 60 days be denied, given that Plaintiff has conducted some discovery on his own. Plaintiff would note that Defendant filed three Motions to Extend the deadline for dispositive motions totaling 63 days (Docs. 34, 40, and 43). Defendant noted that Plaintiff opposed the first motion but did not confer prior to filing the others.

    3. It is true that Plaintiff, acting *pro se*, posed ten Interrogatories to Defendant regarding his placement in a cell with a Close Management I (CM-I) inmate.

    4. In his responses to those Interrogatories, Defendant qualified four of them with the words, "I do not recall," objected to one, and otherwise alleged facts that

1

may be matters of record in Florida Department of Corrections (FDC) files.

5. Defendant accessed FDC records to show undersigned counsel wrote Plaintiff on August 27, 2024, apparently suggesting Plaintiff was represented as of that date.

6. Without divulging the substance of his communications with Plaintiff, undersigned counsel admits he takes time to investigate potential cases. Investigating a State prisoner case tends to be protracted, due to delays in exchanging letters through the US postal system, and delays in outgoing and incoming prison legal mail. Moreover, counsel cannot simply pick up the phone and call the prospective client but must set calls with classification officers days in advance.

## MEMORANDUM OF LAW

The scope of discovery under the Federal Rules of Civil Procedure is broad. Rule 26(b)(1) states in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

As the Court is aware, attorneys who step up to accept prisoner cases making civil rights claims are few in number. The limitations imposed by the Prison Litigation Reform Act are many and demanding. Most prisoner plaintiffs must file

pro se in spite of diligent and energetic efforts to secure professional representation.[1]

Plaintiff's efforts at discovery were diligent and energetic and thoughtful. But his Interrogatories were rebuffed with "I do not recall" and objections. Defendant, who shows an ability to access records, failed to do so to reasonably investigate the answers to Plaintiff's questions.[2] The issue with records is not so much "awareness of need" as "awareness of existence." The need to depose witnesses was limited not by lack of effort but by lack of financial resources. It should be noted that Plaintiff has been granted In Forma Pauperis status due to his indigence. It should also be noted that in the course of trying to demonstrate Plaintiff's outreach to attorneys, to show that he "could have retained counsel earlier" (ECF 52 at 5), Defendant breaks a cardinal rule of evidence, Fed.R.Evid. 408. While the Rule speaks of admissibility, the publication of a settlement proposal in a public filing makes the information available for any purpose. That Exhibit should be stricken and counsel admonished.

A. Basis For Additional Discovery:

1. **Bed Assignments**: Bed assignments yield witnesses. It is possible to see who

---

[1] In her William and Mary Law Review article, *Civil Rights without Representation*, 2022-23, Vol. 64, Issue 3, at 641, Prof. Joanna Schwartz discusses how a dearth of attorneys acts to "jeopardize the entire ecosystem of civil rights enforcement" by failing to evolve useful law from meritorious claims.

[2] By signing discovery responses, an attorney "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the disclosure "is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A). Under this rule, "an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to it which are responsive to the discovery request." *Sexton v. United States*, 2001 WL 649445, *1 (M.D. Fla. Apr. 12, 2001). If a certification violates this rule without "substantial justification," the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3); *see also Prior v. State Farm Fire & Cas. Co.*, 2013 WL 12158147, *1 (M.D. Fla. Feb. 7, 2013) ("To avoid sanctions, the party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless.").

lived above Plaintiff or across from him, and who had an opportunity to hear or see events complained of. They also show inmates in cells with open bunks that could have accommodated Plaintiff without a compatibility conflict. With such information, Plaintiff's counsel would attempt to contact potential favorable witnesses and develop a thorough witness list. In other cases handled by Plaintiff's counsel, letters and calls to such potential witnesses have yielded favorable results. Plaintiff did not know about this resource.

2. **Herrera Classification File**: Plaintiff alleges that Inmate Herrera was a known "go to" inmate to carry out a "hit" or punishment. Reputations of such inmates are part of prison lore and can be explored though classification files that yield evidence, including disciplinary charges and outcomes, investigative work sheets, etc., which provide facts, which, together with other evidence, could enable a jury to infer Defendant's knowledge.

3. **Surveillance Video**: Plaintiff was not aware of an opportunity through Fed.R.Civ.P. 45 to subpoena investigative materials directly from FDC. There are often indicators in Management Information Notification System (MINS) reports or chain of custody documents that show the preservation of video when defendants deny its existence. As a case in point, undersigned counsel currently has a case where defendants denied video existed when a MINS report showed it had been taken and sent to the Inspector General. A paper trail led to a blank DVD in the investigation files, with possible spoliation. *Devon Currie v. Michelle McKinnie, et al.*, 5:23-cv-183-TKW/MJF (N.D. Fla.).

4

4. **Investigation and Incident Reports**: Undersigned counsel have received PREA worksheets but nothing that resembles a completed PREA report. Plaintiff's classification file should include any such reports.

5. **Limited Depositions**: Plaintiff would, at minimum, need to depose the Defendant (who deposed Plaintiff) and Inmate Angel Herrera. Plaintiff would also seek to depose at least two inmate witnesses Plaintiff listed in his response to Defendant's interrogatories, Gregory Layman and Kenneth Reed. Plaintiff alleges that prior to being sexually assaulted, Sgt. J.L. Tucker had threatened Plaintiff for writing grievances, locked Plaintiff in a cell for 6 hours with Layman, without access to meals, without reason, and then filed a contrived disciplinary report against Plaintiff when Plaintiff subsequently knocked on the security booth window to get Tucker's attention. Plaintiff contends Tucker's actions were part of a setup to shift Plaintiff to the confinement unit so he could then be attacked by inmate Herrera, who Defendant then paid with a vending machine item. Layman would testify to the unusual nature of both the lockdown and the disciplinary report, and that Tucker had a grievance against Plaintiff.

After the sexual assault, Plaintiff was confined with inmate Reed, whose clothes were bloody from a beating by officers the day before. Reed was present when Plaintiff reported his sexual assault to Captain Cooper. Cooper provided Plaintiff no assistance and warned Plaintiff that the same thing that happened to Reed (i.e. a beating) would happen to him.

5

      Plaintiff would also seek to depose Officer Willis and contends that when he reported the sexual assault to Willis, the officer stated "I wouldn't say nothing if I was you," which Plaintiff found intimidating. Pl. Deposition, 30:4-7. Plaintiff's counsel would seek to question Cooper and Willis about their knowledge of Plaintiff's allegations of sexual assault, his attempts to seek help, and any involvement by the Defendant.

      Plaintiff's counsel would also seek to depose mental health counselor Mr. Stirley. In the month following his rape, Plaintiff reported the incident to Mr. Stirley, who said he would report it and follow up. He never followed up with the Plaintiff but may have information about the investigation. Plaintiff has good cause to depose Layman, Reed, Tucker, Cooper, Willis and Stirley.

6. **Plaintiff's Affidavit**: Defendant does not object to this affidavit, which allows Plaintiff to place his observations under oath.

7. **IM70 and IM29 Screens**: The IM70 shows compatibility comparisons – not just confinement status but physical size and gang status, crimes of conviction, disciplinary charges, and victim-predator potential, among others. Some would be obvious. The IM29 Screen would show the date, time, and place of the movements of Plaintiff and Herrera within the facility.

8. **Duty Rosters**: These show the persons working with the Defendant on particular days and opportunities for collaboration and communication. Plaintiff's counsel may seek to depose some of these individuals. (The roster provided in Defendant's motion for summary judgment, Exhibit Attachment 3

(Doc. 45-3), is redacted for all staff except Sgt. Ciccone.) In deposition Plaintiff's counsel would question the Defendant about other officers present, and would be aided by having the roster.

### B. Plaintiff's Efforts to Confer

In response to Plaintiff's request to confer on his Motion to Reopen Discovery, Defendant responded in an e-mail that was detailed, concise, and unequivocal in his position toward the motion[3] and confirmed his position in the Response opposing the motion. Plaintiff felt the response was decisive. Plaintiff would also note that Defendant did not confer with Plaintiff prior to the second and third of the Defendants' three motions to extend the deadline for dispositive motions.

### C. Specific Discovery Sought by Plaintiff

Plaintiff would seek the following records unredacted:[4]

1. **IM70 screen**: The comparison screen showing the compatibility factors that should have been considered in placing Plaintiff in a cell with Inmate Herrera, both to show the objective risk and to show the factors that were obvious.

2. **IM29 screen**: The internal movements of Plaintiff on the dates of the matter

---

[3] Counsel for Defendant wrote, "I received your voicemail regarding *Andrews v. Ciccone*. I oppose your motion for an extension requesting a 60-day extension for further discovery. Discovery is over and has been closed for 7 months. Per the Case Management and Scheduling Order (Doc. 25), the last day to request discovery was March 27, 2024. The Plaintiff had the opportunity to conduct a discovery, and he did so. You have not specified what discovery you would request that your client cannot provide for himself or any discovery he was unable to obtain. Further, Defendant has filed his MSJ which is pending. Your client has already requested one 30-day extension of time to respond to the MSJ. Your motion to re-open discovery is opposed. Defendant also opposes a 60-day extension of time regarding a response to the MSJ."

[4] Plaintiff would provide a proposed Confidentiality Order to limit dissemination of sensitive prison records thus permitting them to be produced unredacted and setting forth guidelines for handling.

sued upon both to show when he was moved to Herrera's cell and also to show that he was moved out the next day which suggests that the placement was improper and to show the purpose of the placement had been served.

3. **Duty Rosters**: Work schedules for all shifts for the dates of the matter sued upon and for three days before and after (to show a baseline for practices) to show potential officer witnesses and opportunities for communication.

4. **Bed Assignments**: List of cell assignments for dormitory to show placement of Plaintiff's neighbors and potential witnesses on the dates of the events sued upon and also to show which compatible inmates had empty bunks.

5. **Dorm Logs**: The Logs of the Dorm where Defendant sought to place Defendant, all shifts, for the dates of the matter sued upon plus three days before and three days after (to show a baseline for practices) which will show every routine and every unusual event that occurs in the dorm along with the schedule of cell checks and counts.

6. **Daily Records of Special Housing**: For the week of the matter sued upon and the weeks before and after (each record covers one week) for both Plaintiff and Inmate Herrera. These records should show the cell placement and any unusual events associated with the inmate's housing.

7. **Herrera Classification File**: A DC14 overall inmate summary showing placements and disciplinary actions for Inmate Herrera, along with the reports and worksheets on disciplinary actions showing the objective risk to Plaintiff

and also a basis to infer that Inmate Herrera acted as a "punisher" carrying out "hits" on other inmates.

8. **Any Surveillance Video**: Defendants submit there is no such video but Plaintiff would seek to address the request to the FDC records custodian.

9. **Investigation and Incident Reports**: There does not appear to be an actual Prison Rape Elimination Act (PREA) report. Plaintiff seeks to request any report that has been filed, along with all addenda.

10. **PREA hotline records:** Plaintiff made multiple calls to FDC's PREA hotline only to find it out of order. Plaintiff seeks records on the hotline status during the time Plaintiff placed his calls to further corroborate his efforts to report.

11. **Limited depositions**: At a minimum, Plaintiff seeks to depose Sgt. Ciccone (Defendant) and Inmate Angel Herrera. Plaintiff would also seek to depose Gregory Layman, DC# 633499; Kenneth Reed, DC# 870971; Capt. Cooper; officers Tucker and Willis; and mental health counselor Stirley.

Sixty days is generally a minimal time in which results of a subpoena to FDC under Fed.R.Civ.P. 45 can be secured to background depositions necessary for a fair disposition of the action on the merits. Seventy-five days would be optimal.

### D. Conclusion

Plaintiff seeks to file a Subpoena under Fed.R.Civ.P. 45 and conduct depositions on receipt of the records subpoenaed, as noted above.

Respectfully Submitted,

<table>
<tr><td>

*/s/ Joshua Tarjan*_____
Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

</td><td>

*/s/ James V. Cook*_____
JAMES V. COOK (FBN 0966843)
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

*Attorneys for Plaintiff*

</td></tr>
</table>

I CERTIFY the foregoing was filed electronically on 12/12/2024, serving counsel of record registered to be notified by the CM/ECF electronic filing system.

*/s/James V. Cook*_____
