# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88-MMH-SJH

## PLAINTIFF'S UNOPPOSED TIME-SENSITIVE MOTION FOR AN ORDER EXPLICITLY PERMITTING A DEPOSITION OF A PRISONER BY ZOOM

COMES NOW the Plaintiff, BYRON ANDREWS and moves this Honorable Court for an amended Order permitting the deposition of a prisoner by Zoom and would show that Defendant's counsel does not oppose this Motion and would show:

1. Plaintiff moved the Court to depose a prisoner (ECF 57), namely Angel Herrera, pursuant to FRCP 30(a)(2), incarcerated at Lancaster Correctional Institution in Trenton, Florida, as a witness to the matter sued upon.

2. In the process of trying to set up a deposition by Zoom, Plaintiff's counsel has been informed by the Lancaster C.I. Warden's office that to set up a prisoner deposition by Zoom, the court order must explicitly mention using Zoom.

3. Given that the Zoom video link is far more efficacious in reviewing evidence and making identifications than a phone deposition and less time- and resource-consuming than deposition face-to-face on the prison compound, the Plaintiff requests that format and Defendant's counsel does not oppose the Motion.

4. Counsel for Plaintiff have increasingly used the Zoom video link system for

1

depositions in the Florida prison as well as for mediations and evidence review. There is no general hostility to using Zoom but some institutions request that a court order permitting depositions of prisoners must include a mention of Zoom.

5. The deposition of inmate Angel Herrera is scheduled for February 13, 2025, at 10:00 a.m. Plaintiff requests that a sentence to the effect that "The Deposition may be conducted by video link depending on time and availability of those resources" be added to the Court's current Order permitting a prisoner deposition. (ECF 58).

## MEMORANDUM OF LAW

Rule 26, Federal Rules of Civil Procedure, contemplates reasonable discovery as part of the litigation process. The rules of discovery are accorded a broad and liberal treatment to affect their purpose of adequately informing the litigants in civil trials. *Herbert v Lando*, 441 U.S. 153 (1979). Allowing a deposition to be taken by video link can create a more accurate and useful record of the proceedings and help to accomplish the purpose of FRCP 1, that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

WHEREFORE, Plaintiff moves this Honorable Court to render an amended Order adding language to the effect that the deposition of the Prisoner may take place through video link (Zoom).

Respectfully Submitted,

*/s/ Joshua Tarjan*　　　　　　　　　*/s/ James V. Cook*
Joshua Tarjan (FBN 107092)　　　　JAMES V. COOK (FBN 0966843)
　　　　　　　　　　　　　　　　Law Office of James Cook

| | |
|---|---|
| THE TARJAN LAW FIRM P.A.<br>12372 SW 82 Avenue<br>Pinecrest, FL 33156<br>(305) 423-8747<br>(323) 243-3186 (cell)<br>(786) 842-4430 (fax)<br>josh@tarjanlawfirm.com | 314 West Jefferson Street<br>Tallahassee, FL 32301<br>(850) 222-8080; 561-0836 fax<br>cookjv@gmail.com<br><br>*Attorneys for Plaintiff* |

I CERTIFY that, pursuant to Local Rule 3.01(g), I conferred in good faith with Defendant's counsel who has no objection to the relief requested in this Motion.

I CERTIFY the foregoing was filed electronically on 2/3/2025, serving counsel of record registered to be notified by the CM/ECF electronic filing system.

*/s/James V. Cook*