UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88/MMH/SJH

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL SECURITY DISCOVERY AND INFORMATION SUBJECT TO THE PRISON RAPE ELIMINATION ACT**

Pursuant to Rule 26(c), and Fed.R.Civ.P. 45(d)(1), Plaintiff and nonparty Florida Department of Corrections (FDC) jointly move for the entry of the accompanying proposed Protective Order Regarding Confidentiality of Sensitive Discovery and Information Subject to the Prison Rape Elimination Act (PREA).

In support, Plaintiff and FDC state:

**I.    BACKGROUND**

Plaintiff has sued several correctional officers employed by FDC for

alleged violations of his constitutional rights while she was incarcerated, and which resulted in injuries, including sexual assault and battery. On January 28, 2025, the Plaintiff served FDC with a Subpoena to Produce Documents, Information, or Objects or To Permit Inspect of Premises in a Civil Action. Plaintiff's subpoena includes requests for records FDC regards as confidential due to security concerns. The parties anticipate that exchanged discovery requests will seek protected confidential and restricted information of the FDC.

Plaintiff and FDC seek this order to prevent time-consuming arguments based on rules implemented under PREA and the Florida Statutes through the implementation of a protective order, which can continue to keep sensitive information and information concerning sexual abuse secure simply through ordering limited dissemination, use only for the litigation, and destruction or return afterward. To streamline these proceedings and allow full and substantially unredacted discovery without diminishing the parties' and third-party concerns over PREA-related and other confidential information, Plaintiff and FDC respectfully request the entry of the accompanying protective order.

## II.   MEMORANDUM OF LAW

### A. The Protective Order Standard.

The Court may issue a protective order "for good cause shown." Fed. R.

Civ. P. 26(c). Although no absolute definition exists for "good cause," the phrase generally "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam). The party seeking a protective order has the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A protective order does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985).

    The Court has broad discretion in using protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357 (11th Cir. 1987) (per curiam). Once good cause is shown, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the Eleventh Circuit, district courts are required to balance the interests of those requesting the order. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

    **B. Entry of a Protective Order is Appropriate.**

    The sensitive information sought by Plaintiff may include operations that affect public safety, the safety of FDC personnel, and proper care and

3

supervision of inmates. Additionally, some critical material evidence may disclose information protected by PREA. PREA prohibits prison staff from revealing information related to a sexual abuse report. *See* 28 C.F.R. § 115.61(b). Evidence may reveal the identity of a person who is a victim of any sexual offense and/or the image of a part of the body of a victim of a sexual offense, which are confidential pursuant to the Florida Statutes. *See* § 119.071(2)(h), Fla. Stat. (2024).

Under PREA, prison staff shall not reveal any information related to a sexual abuse report to anyone other than to the extent necessary to make treatment, investigation, and other security and management decisions. 28 C.F.R. § 115.61(b). Under the Florida Statutes, "[a]ny information that reveals the identity of a person who is a victim of any sexual offense" is confidential. § 119.071(2)(h)(1)(b), Fla. Stat. (2024). "A photograph, videotape, or image of any part of the body of the victim of a sexual offense" is confidential, "regardless of whether the photograph, videotape, or image identifies the victim" is confidential. § 119.071(2)(h)(1)(c), Fla. Stat. (2024). FDC and Plaintiff dispute whether FDC is required provide sexual abuse-related information as part of discovery.

To avoid litigation over the parties' competing contentions and to ensure that discovery disclosed in this case is substantially unredacted, the entry of the accompanying protective order can eliminate unnecessary

4

redactions, further disputes in this lawsuit over redacted materials, and can ensure parties receive relevant documents via discovery that are otherwise considered confidential or that are protected under PREA and corresponding Florida Statutes. With a protective order in place, FDC and its contractors can produce unredacted documents confidential documents and those containing sexual abuse-related information to Plaintiff's counsel without the burdens otherwise associated with properly disseminating confidential information. The production of these classes of documents without redaction are necessary to fully understand and support Plaintiff's claims, as well as understand and rebut Defendants' defenses in this case. Plaintiff and FDC jointly agree to the proposed protective order and Defendants do not oppose the entry of this protective order as written.

WHEREFORE, Plaintiff and FDC request that the Court grant this joint motion and enter the attached Protective Order Regarding Information Subject to the Prison Rape Elimination Act.

Dated March 5, 2025.

| | |
|---|---|
| */s/James Cook* | */s/Christine Wolfe* |
| Attorney for Plaintiff | Attorney for Department of Corrections |
| James Cook | Christine L. Wolfe |
| Attorney for Plaintiff | Assistant General Counsel |
| Florida Bar No. 966843 | Florida Bar No. 127465 |
| Law Office of James V. Cook | Florida Department of Corrections |
| 314 West Jefferson Street | 501 South Calhoun Street |
| Post Office Box 10021 | Tallahassee, FL 32399-2500 |
| Tallahassee, Florida 32301 | (850) 717-3609 (Telephone) |

Telephone: (850) 222-8080  (850) 922-4355 (Facsimile)
Email: cookjv@gmail.com  Christine.Wolfe@fdc.myflorida.com

## Local Rule 3.01(g) Certification

I hereby certify that I contacted counsel for Defendants on the relief sought herein. Defense counsel stated that she does not oppose the requested relief.

                                            */s/James Cook*
                                            James Cook

## Certificate of Service

I certify that a true copy hereof is served on counsel of record for Defendants via CM/ECF and on the Florida Department of Corrections by e-mail.

                                            */s/James Cook*
                                            James Cook