# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88/MMH/SJH

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND INFORMATION SUBJECT TO THE PRISON RAPE ELIMINATION ACT**

**THIS CAUSE** having come before the Court on the Joint Motion for Entry of Protective Order Regarding Confidential Information, including Information Subject to the Prison Rape Elimination Act (PREA) to facilitate the exchange, disclosure of, and use at trial of confidential information and information related to sexual abuse, which may be incidental to the litigation. The parties are engaged in discovery in a federal case that includes information about incidents of alleged sexual abuse that may appear in Florida Department of Corrections (FDC) records maintained in medical and non-medical files. The Court being advised in the premises, it is hereby,

    **ORDERED AND ADJUDGED**:

1.	This Order governs the handling, maintenance, storage, and use, of discovery materials reasonably calculated to lead to the discovery of admissible evidence that would be exempt from disclosure under public records laws, or are considered confidential by Florida statutes, including section 119.071, Florida Statutes, section 945.10, Florida Statutes, and other state laws as well as certain Florida Department of Corrections security procedures and rules.

2.	Additionally this Order is entered in accordance with the requirements of regulations promulgated under the Prison Rape Elimination Act, including 28 C.F.R. § 115.61(b), and the Florida Statutes, including § 119.071(2)(h)(1)(b-c), Fla. Stat. (2024).

3.	FDC has security concerns in certain of its records and wishes to ensure that these records are not introduced into the public domain.

4.	Plaintiff has discovery needs relating to the Plaintiff's burden of proof of claims in the instant lawsuit that may include records that would be exempt from public disclosure under Florida public records laws.

5.	Plaintiff maintains that federal courts are not required to and should rarely undertake to enforce state confidentiality laws as part of the discovery process in federal civil rights litigation.

6.	FDC wishes the Court to give weight to some Florida public records laws under principles of comity.

7. In recognition of the need for a balancing of interests and to facilitate receipt of minimally redacted records, Plaintiff hereby agrees to treat the following kinds of discovery materials as confidential, subject to court review:

   a. Video that includes sensitive security information and audio recordings included in video and investigative interview recordings;

   b. Any photographs taken within an FDC prison that includes security infrastructure and FDC staff photographs (current and former);

   c. Post Orders (i.e., job descriptions) designated by FDC as restricted;

   d. Any FDC Duty/Security Rosters (i.e., work schedules, inmate rosters);

   e. Confidential, exempt, and/or restricted Florida Department of Corrections procedures;

   f. Housing logs/assignments and dormitory logs/assignments;

   g. The classification files of inmates other than Plaintiff.

   h. Records relating to the investigation of sexual abuse allegations (i.e "PREA information");

8. Plaintiff may also designate records as confidential. Although the above-listed records are characterized as confidential under this Order, such designation is purely the product of the parties' agreement does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law. Plaintiff may challenge the protection as "confidential" of any particular record for a showing of "good cause" pursuant to Fed.R.Civ.P. 26 and the Department reserves the right to file appropriate motions to protect the confidential nature of the documents.

9. FDC, however, maintains these records are, in fact, protected by state and federal law.

10. This Order does not alter the requirements under court rules for redaction of information from documents filed with the court.

11. This Order does not apply to records already in the public domain.

12. For purposes of this Order, the term "PREA Information" shall have the same scope and definitions as set forth in 28 C.F.R. § 115.61(b) and § 119.071(2)(h)(1)(b-c), Fla. Stat. (2024). PREA Information includes, but is not limited to, any information related to a sexual abuse report, any information that may reveal the identity of a person who is a victim of any sexual offense, and photographs, videotapes, or images of any part of the body of a victim of a sexual offense.

13. The following definitions shall also apply to this Confidentiality Order:

   a. "Parties" shall mean and refer to the Plaintiff and each Defendant in the above captioned case.

   b. "Qualified person(s)" shall mean and refer to:

      i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;

      ii. Expert witnesses and expert consultants for the Parties;

      iii. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

      iv. The Court and court personnel;

      v. Other persons only on order of the Court

14. To the extent that these records and materials, together with the parties' own further investigation, suggest further productive avenues of discovery, any party can seek on a showing of good cause, to apply the protections of this Order to other categories of records and information. The parties may not assert a discovery objection based on the fact that the documents or information sought contain Confidential PREA Information protected by PREA or the Florida Statutes, unless the Confidential PREA Information falls outside the scope of this Order. Before disclosing documents with Confidential PREA Information, a party shall mark any file containing Confidential PREA Information with the following: "Confidential Information Subject to PREA Protective Order."

15. Confidential discovery materials as provided in this Order shall be disclosed only to Qualified Persons except as provided in Paragraph 25.

16. Confidential discovery materials as provided in this Order shall be used only for this litigation.

17. If a party wishes to file Confidential Information and protected confidential PREA Information with the Court, it must be submitted with a motion for filing under seal or redacted.

18. Prior to disclosing Confidential information and to persons involved in this action, reasonable steps shall be taken to ensure that such persons do not use or disclose the Confidential Information for any purpose other than this litigation. This

shall include, but not be limited to, informing each such person that the Confidential Information may not be used or disclosed for any purpose other than this litigation.

19. Confidential discovery materials as provided in this Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms. Counsel sharing the confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

20. Confidential discovery materials as provided in this Order, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written:

    a    The caption of this case;

    b    the name of the party filing the materials and an indication of the nature of the contents; and

    c    a statement substantially in the following form: [DISCLOSING PARTY'S NAME] CONFIDENTIAL

    d    This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

21. When confidential discovery materials as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party who is a signatory

to this Order may apply to the Court to limit persons permitted to be present to only Qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

22. If any Party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this Order, the Plaintiff shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action.

23. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

   a   operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; ore

   b   Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

   c   Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

   d   Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

24. Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Order that were supplied by the parties and all copies thereof shall be returned to the producing party.

All confidential discovery materials governed by this Order which are electronically stored in any manner by Plaintiff's counsel or counsel's agent must be permanently deleted.

25. Parties shall not disclose confidential materials to a Plaintiff or a witness who is a state prisoner, with the exception that:

    a    A Plaintiff may review any video relating to the matter sued upon;

    b    A Plaintiff or percipient witness may review without possessing official staff photographs solely for the purpose of identification;

    c    A Plaintiff may review his or her own confidential PREA Information and other PREA Information relating to the matter sued upon.

26. Should Counsel for Plaintiff believe that additional confidential materials need be disclosed outside of the conditions set by this Confidentiality Order, Plaintiff's Counsel shall provide the FDC with a written request to disclose the confidential materials explaining the necessity of the disclosure. If the FDC does not consent, nothing in this order prohibits Plaintiff from seeking a court order permitting the disclosure

27. This Order does not control or limit the use of Confidential PREA Information that was received by all lawful means other than through this Order.

28. If any party learns that, by inadvertence or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

29. Nothing in this Order shall be deemed to prevent any party from seeking leave of Court to obtain a modification of this Order to include other categories of Confidential Information subject to disclosure without redaction.

30. The obligation to maintain confidentiality pursuant to this Order shall continue after the conclusion of this case.

**DONE and ORDERED** at _____ on _____.

_____
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88/MMH/SJH

**Exhibit A**

**ADDENDUM TO CONFIDENTIALITY ORDER**

The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Confidentiality Order in this cause, understands the provisions of the Order, and agrees to comply with the order.

The material or information is being disclosed pursuant and subject to the Order and may not be disclosed other than pursuant to its provisions.

Date:_____, 20__.

_____    _____
NAME                                                SIGNATURE