UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

v.                                    Case No. 3:23-cv-88-MMH-SJH

SGT. CICCONE,

    Defendant.
_____

## ORDER

Plaintiff and non-party Florida Department of Corrections' (FDC) Joint Motion for Entry of Protective Order Regarding Confidential Security Discovery and Information Subject to the Prison Rape Elimination Act (Doc. 64), which is unopposed by Defendant, is **DENIED without prejudice**. The proposed protective order that Plaintiff and the FDC ask the Court to enter is somewhat confusing and internally inconsistent. As one example, the Court notes that the proposed protective order defines "Parties" as the Plaintiff and the Defendant, but refers to "parties" when including the FDC. *See* Doc. 64-1 at ¶¶ 8, 13.a., 24. There are also errors and misstatements, including an outdated definition of the scope of discovery. *See, e.g.*, *id.* ¶ 1, 18, 21. The proposed protective order further includes Plaintiff's and the FDC's positions on certain issues, which is unnecessary in such an order. *See, e.g.*, *id.* ¶¶ 3-6, 9. Finally, the proposed protective order defines some terms (PREA Information), but not others (Confidential Information), and fails to use the terms consistently

throughout the order (PREA Information/Confidential PREA Information/PREA information).

If Plaintiff and the FDC wish to renew their request, they may do so after revising the proposed protective order. The Court has not identified every issue in this Order; thus, Plaintiff and the FDC shall carefully review any proposed order before filing.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2025.

Samuel J. Horovitz
United States Magistrate Judge

JAX-3 3/7
c:
Counsel of Record