UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88/MMH/SJH

**JOINT MOTION FOR REVISED PROTECTIVE ORDER
REGARDING DISCOVERY OF PRISON SECURITY AND
PRISON RAPE ELIMINATION ACT (PREA) RECORDS**

Pursuant to Rule 26(c), and Fed.R.Civ.P. 45(d)(1), Plaintiff and nonparty Florida Department of Corrections (FDC) jointly move for the entry of the accompanying proposed Protective Order Regarding Discovery of Prison Security and Prison Rape Elimination Act (PREA) Records

In support, Plaintiff and FDC state:

### I. BACKGROUND

Plaintiff has sued an officer formerly employed by FDC for alleged violations of his constitutional rights while he was incarcerated, and which resulted in injuries, including sexual assault and battery. On January 28,

2025, the Plaintiff served FDC with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspect of Premises in a Civil Action. Plaintiff's subpoena includes requests for records FDC regards as needing protection due to security concerns. Plaintiff and FDC anticipate discovery will also involve records subject to the Prison Rape Elimination Act (PREA).

Plaintiff and FDC seek this order to facilitate production of such records through protections that will limit dissemination of the records to only defined Qualified Persons and also limit use. Plaintiff and FDC respectfully request the entry of the accompanying protective order.

Plaintiff and FDC acknowledge that the Court has found their initial draft of a Protective Order defective in that it is confusing, internally inconsistent, includes misstatements, including an outdated statement of the scope of discovery, and fails to adequately define and consistently use terms.

Plaintiff and FDC have revised the proposed order to create an initial section to correct and expand the definitions of terms and attempt to use the terms consistently throughout. The Definitions show that the Parties are the Plaintiff and Defendant and that FDC is a Nonparty. Plaintiff and FDC had used a multitude of terms for the discovery materials throughout the draft. The revised proposed order denominates the affected records throughout as Prison Security Records and PREA Records and states that both are Protected Records under the proposed order. The Court found that the

statement of differing viewpoints by the Plaintiff and FDC were inappropriate for a protective order and these were deleted. The outdated reference to the scope of discovery was also deleted. Finally, the revised proposed order shows that the protection afforded the Protected Records are limitations on dissemination and use and specifies those limitations.

## II.     MEMORANDUM OF LAW

### A. The Protective Order Standard.

The Court may issue a protective order "for good cause shown." Fed. R. Civ. P. 26(c). Although no absolute definition exists for "good cause," the phrase generally "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam). The party seeking a protective order has the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A protective order does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985).

The Court has broad discretion in using protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357 (11th Cir. 1987) (per curiam). Once good cause is shown, a court may "make any

order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the Eleventh Circuit, district courts are required to balance the interests of those requesting the order. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

### B. Entry of a Protective Order is Appropriate.

The sensitive information sought by Plaintiff may include operations that affect public safety, the safety of FDC personnel, and proper care and supervision of inmates. Additionally, some critical material evidence may disclose information protected by PREA. PREA prohibits prison staff from revealing information related to a sexual abuse report. *See* 28 C.F.R. § 115.61(b). Evidence may reveal the identity of a person who is a victim of any sexual offense and/or the image of a part of the body of a victim of a sexual offense, which are confidential pursuant to the Florida Statutes. *See* § 119.071(2)(h), Fla. Stat. (2024).

Under PREA, prison staff shall not reveal any information related to a sexual abuse report to anyone other than to the extent necessary to make treatment, investigation, and other security and management decisions. 28 C.F.R. § 115.61(b). Under Florida Statutes, "[a]ny information that reveals the identity of a person who is a victim of any sexual offense" is confidential. § 119.071(2)(h)(1)(b), Fla. Stat. (2024). "A photograph, videotape, or image of

4

any part of the body of the victim of a sexual offense" is confidential, "regardless of whether the photograph, videotape, or image identifies the victim" is confidential.  § 119.071(2)(h)(1)(c), Fla. Stat. (2024).

To avoid litigation over the parties' competing contentions and to ensure that discovery disclosed in this case is substantially unredacted, the entry of the accompanying protective order can eliminate unnecessary redactions, further disputes in this lawsuit over redacted materials, and can ensure parties receive relevant documents via discovery that are otherwise considered confidential or that are protected under PREA and corresponding Florida Statutes. With a protective order in place, FDC and its contractors can produce unredacted documents confidential documents and those containing sexual abuse-related information to Plaintiff's counsel without the burdens otherwise associated with properly disseminating confidential information. The unimpaired production of these classes of documents is necessary to fully support Plaintiff's claims, as well as define and rebut Defendants' defenses in this case. Plaintiff and FDC jointly agree to the proposed protective order and Defendant's position is stated below.

WHEREFORE, Plaintiff and FDC request that the Court grant this joint motion and enter the attached Protective Order Regarding Information Subject to the Prison Rape Elimination Act.

Dated March 11, 2025.

| | |
|---|---|
| */s/James Cook* | */s/Christine Wolfe* |
| Attorney for Plaintiff | Attorney for Department of Corrections |
| James Cook | Christine L. Wolfe |
| Attorney for Plaintiff | Assistant General Counsel |
| Florida Bar No. 966843 | Florida Bar No. 127465 |
| Law Office of James V. Cook | Florida Department of Corrections |
| 314 West Jefferson Street | 501 South Calhoun Street |
| Post Office Box 10021 | Tallahassee, FL 32399-2500 |
| Tallahassee, Florida 32301 | (850) 717-3609 (Telephone) |
| Telephone: (850) 222-8080 | (850) 922-4355 (Facsimile) |
| Email: cookjv@gmail.com | Christine.Wolfe@fdc.myflorida.com |

I hereby certify that I contacted counsel for Defendant on the relief sought pursuant to Local Rule 3.01(g). Defendant's counsel responds that she defers to joint movant Florida Department of Corrections.

I certify that a true copy hereof is served on counsel of record for Defendants via CM/ECF and on the Florida Department of Corrections by e-mail.

*/s/James Cook*
James Cook

6