UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

v.                                                       Case No. 3:23-cv-88-MMH-SJH

SGT. CICCONE,

    Defendant.
_____

**PROTECTIVE ORDER GOVERNING DISCOVERY OF PRISON SECURITY AND PRISON RAPE ELIMINATION ACT RECORDS**

    **THIS CAUSE** is before the Court on the Joint Motion by Plaintiff and Non-Party Florida Department of Corrections (FDC) for entry of a Protective Order Regarding Discovery of Prison Security and Prison Rape Elimination Act (PREA) Records to facilitate the discovery of security records and records related to PREA allegations, which may be incidental to the litigation. The parties are engaged in discovery in a federal case that involves records about incidents of alleged sexual abuse that may appear in records maintained in the custody of the FDC. The Court being advised in the premises, it is hereby,

    **ORDERED AND ADJUDGED**:

    **Definitions.** The following definitions shall apply to this Order:

1.     **Prison Security Records**. Records, otherwise discoverable, that might be exempt from disclosure under public records laws, or considered subject to privilege

by Florida statutes, including § 119.071 and § 945.10, and other state laws as well as certain FDC security procedures and rules, including:

    a. Video that includes sensitive security information and audio recordings included in video and investigative interview recordings;

    b. Any photographs taken within an FDC prison that includes security infrastructure and FDC staff photographs (current and former);

    c. Post Orders (i.e., job descriptions) designated by FDC as restricted;

    d. Any FDC Duty/Security Rosters (i.e., work schedules, inmate rosters);

    e. Confidential, exempt, and/or restricted FDC procedures;

    f. Housing logs/assignments and dormitory logs/assignments;

    g. The classification files of inmates other than Plaintiff.

2. **PREA Records**. Records containing information relating to the investigation of sexual abuse allegations, subject to regulations promulgated under the PREA, including 28 C.F.R. § 115.61(b), and the Florida Statutes, including § 119.071(2)(h)(1)(b-c).

3. **Protected Records**. Prison Security Records and PREA Records as defined above.

4. **Parties**. "Parties" shall mean and refer to the Plaintiff and the Defendant in the above captioned case.

5. **Non-Parties**. Any person or entity not a Party to the litigation, including the FDC.

6. **Qualified Persons**: "Qualified Person(s)" shall mean and refer to:

    a. Counsel for the Parties and FDC and their employees, as well as contractors tasked with the reproduction of materials;

    b. Expert witnesses and expert consultants for the Parties;

    c. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

    d. The Court and Court personnel; and

    e. Other persons only on order of the Court.

7. The protection afforded to the Prison Security Records and PREA Records will be the limitations on dissemination and use as defined in this Order, subject to further order of the Court.

8. Any party may move to designate other records as protected, subject to challenge. Such designation does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law. Any Party may challenge the protection of any particular record for a showing of "good cause" pursuant to Fed. R. Civ. P. 26.

9. This Order does not alter the requirements under Court rules for redaction of information from documents filed with the Court.

10. This Order does not apply to records already in the public domain.

11. Prison Security Records and PREA Records are discoverable under the limitations defined below. Before disclosing PREA Records, any records containing PREA Records shall be marked with the following: "Confidential Information Subject to PREA Protective Order."

12. Prison Security Records and PREA Records, as provided in this Order shall be disclosed only to Qualified Persons, except as provided in Paragraph 22, subject to further order of the Court.

13. Protected Records, as defined in this Order, shall be used only for this litigation.

14. If a Party wishes to file Protected Records with the Court, it must be submitted with a motion for filing under seal or redacted. Any motion to seal is subject to the requirements of applicable law and Local Rule 1.11.

15. Prior to disclosing Protected Records to Qualified Persons, reasonable steps shall be taken to ensure that such persons will not use or disclose the Protected Records for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the Protected Records may not be used or disclosed for any purpose other than this litigation.

16. Protected Records as provided in this Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms. Counsel sharing the Protected Records shall maintain a log of all persons who have seen or been provided Protected Records.

17. Protected Records, as provided in this Order, when filed pursuant to a sealing order, shall be filed in accordance with the Court's procedures for filing under seal.

18. When Protected Records as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party governed by this Order may apply to the Court to limit persons permitted to be present to only Qualified Persons during

such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

19. If any Party objects to the designation of any records as "Protected," the objecting Party shall so notify the producing Party or Non-Party in writing. In the event that a dispute arises about the protections afforded to any records or a Party's or Non-Party's duty to produce Protected Records under this Order, the Plaintiff shall confer with the opposing Party or Non-Party in good faith to resolve the dispute prior to resorting to Court action.

20. Producing or receiving records or otherwise complying with the terms of this Order shall not:

   a. Operate as an admission by any Party that any particular records are subject to protection; or

   b. Prejudice in any way the rights of any Party or Non-Party to object to the production of records it considers not subject to discovery for reasons other than the protections of this Order; or

   c. Prejudice in any way the rights of a Party to seek a Court determination whether particular records should be produced; or

   d. Prejudice in any way the rights of a Party or Non-Party to apply to the Court for a further protective order relating to any other records.

21. Within thirty (30) days of the conclusion of this litigation including appeals thereof, all Protected Records governed by this Order that were supplied by the Parties or Non-Parties and all copies thereof shall be returned to the producing party. All

Protected Records governed by this Order which are electronically stored in any manner by Plaintiff's counsel or counsel's agent must be permanently deleted.

22. Parties shall not disclose Protected Records to Plaintiff or a witness who is a state prisoner, with the exception that:

   a. Plaintiff may review any video relating to the matter sued upon;

   b. Plaintiff or percipient witness may review without possessing official staff photographs solely for the purpose of identification;

   c. Plaintiff may review his or her own confidential PREA Records and other PREA information relating to the matter sued upon.

23. Should Counsel for Plaintiff believe that additional Protected Records need to be disclosed outside of the conditions set by this Protective Order, Plaintiff's Counsel shall provide the Non-Party FDC with a written request to disclose the Protected Records explaining the necessity of the disclosure. If the FDC does not consent, nothing in this Order prohibits Plaintiff from seeking a Court order permitting the disclosure.

24. This Order does not control or limit the use of PREA Records or information that was received by all lawful means other than through this Order.

25. If any Party learns that, by inadvertence or otherwise, Protected Records have been disclosed to any person or in any circumstance not authorized under this Order, the Party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other Party (and any producing Non-Party) of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected

Records; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

26. Nothing in this Order shall be deemed to prevent any party from seeking leave of Court to obtain a modification of this Order to include other categories of Protected Records subject to disclosure without redaction.

27. The obligation to maintain protections pursuant to this Order shall continue after the conclusion of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of March, 2025.

Samuel J. Horovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

v.                                              Case No. 3:23-cv-88-MMH-SJH

SGT. CICCONE,

    Defendant.
_____

**Exhibit A**

ACKNOWLEDGMENT AND AGREEMENT

    The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Protective Order in this cause, understands the provisions of the Order, and agrees to comply with the order.

    The material or information is being disclosed pursuant and subject to the Order and may not be disclosed other than pursuant to its provisions.

  Date:_____, 20__.


_____                   _____
NAME                                                        SIGNATURE