UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,
    Plaintiff,

vs.

SGT. CICCONE, et al.,
    Defendants.

Case No. 3:23-cv-88/MMH/SJH

**MOTION TO DISCOVER DEFENDANT'S HITHERTO UNKNOWN INVESTIGATIVE FILE RESULTING IN DISCIPLINARY ACTION OF TERMINATION BASED ON SURPRISE AND PREJUDICE**

    Plaintiff Byron Andrews moves this Honorable Court for leave to subpoena Defendant Alexander Ciccone's previously unknown investigative file relating to his summary firing by the Florida Department of Corrections (FDC) of which Plaintiff only learned at the deposition of Defendant Ciccone on March 6, 2025, and would show as follows:

    On March 6, 2025, Plaintiff deposed Defendant Ciccone. In the course of the deposition, Plaintiff discovered Ciccone was suspended and ultimately summarily terminated from his job as a sergeant in the Florida Department of Corrections based on events that occurred just shortly after the events complained of in Plaintiff's complaint, for misconduct which involved physical harm to another inmate and charges of "Conduct Unbecoming an Officer."

Plaintiff was unaware of Mr. Ciccone's firing prior to the deposition.

Counsel for Plaintiff tried to elicit the details on which the termination was based. However, Defendant Ciccone testified that he had no current recollection of the specific events or charges that were made against him at the time of the deposition.[1] It appears that Defendant Ciccone would not be helpful at trial in determining whether the termination for misconduct included potentially admissible evidence under Fed.R.Evid. 404(b)(2).

It appears that the only other source of information relating to the events on which the firing was based are the investigation files on the underlying incident. Plaintiff had no foreknowledge of the fact that Defendant Ciccone had been fired for misconduct relating to an inmate. Plaintiff is seeking one additional set of records which are the investigation records that corrections officers are entitled to under § 112.532(4)(b), Florida Statutes. Plaintiff is moving the Court to be permitted to subpoena just those records from FDC.

Plaintiff has made FDC records custodian aware that he would be seeking leave from the Court to subpoena those limited records and believes they can be produced within the March 26, 2025, deadline set by the Court and that they would be in Plaintiff's possession in time to respond to Defendants Motion for Summary Judgment by April 28, 2025, as scheduled.

---

[1] The transcript of the March 6, 2025, deposition of Mr. Ciccone is not yet available.

## MEMORANDUM OF LAW

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997). Here, Plaintiff does not anticipate any need for additional time but only seeks to secure, predictably within the time available, additional material, to which Plaintiff and Defendant have unequal access, which would not be unduly burdensome, and which may be beneficial in resolving the matters in controversy on the merits.

Discovery of termination for misconduct which occurred near in time to the events complained of represents exceptional circumstances, arising for the first time at Defendant's deposition just four business days ago. This motion is made in good faith and not for any dilatory purpose. The records sought are expected to be relatively few in number and should be available within a short time. No trial date has been set. The deadline for dispositive motions should not be affected. Defendant Ciccone has repeatedly moved for extensions in this case and is not in any sense burdened or prejudiced by this Motion. On the

contrary, Plaintiff would be prejudiced if unable to follow up on the revelation that Ciccone was summarily terminated from his employment as a corrections sergeant just shortly after the events complained of in Plaintiff's Complaint, and of which Defendant Ciccone now has almost no recollection. Plaintiff makes this motion immediately after learning essential facts of the termination for misconduct. Plaintiff believes there is a strong likelihood that the circumstances of Defendant's firing may produce admissible Fed.R.Evid. 404(b)(2) evidence that would strongly aid Plaintiff's case. Moreover, the additional discovery could enhance the potential for an informed and voluntary resolution of the matters in controversy.

Counsel for the parties discussed this matter earlier this date and counsel for Defendant agreed to consider a compromise to Plaintiff's original proposal to seek only the same records Defendant Ciccone would have been entitled to be provided when his termination was anticipated. Although Plaintiff has not heard back at the time of filing, Plaintiff's motion to the Court preserves the same compromise offered today in exchange for Defendant's non-objection.

WHEREFORE, Plaintiff moves this Honorable Court for leave to subpoena aforementioned investigative files as defined in § 112.532, Fla.Stat.

    Respectfully Submitted on   /s/ James Cook
3/12/2025March 12, 2025,   Attorney for Plaintiff
                                        JAMES COOK, ESQ.
                                        Florida Bar No. 966843

> Law Office of James V. Cook
> 314 West Jefferson Street
> Post Office Box 10021
> Tallahassee, Florida 32301
> Telephone: (850) 222-8080
> Email: cookjv@gmail.com

I hereby certify that I conferred in good faith with Defendant's counsel for by e-mail and phone pursuant to Local Rule 3.01(g), and counsel agreed to consider a compromise request for records by the end of the day but has not been heard from as of this filing. Plaintiff's motion above is consistent with the compromise offered to Defendant earlier this date. Plaintiff will timely report to the Court whether, vel non, any objection has been received.

I certify that a true copy hereof is served on counsel of record for Defendant via the Court's CM/ECF system on 3/12/2025.

> /s/James Cook
> James Cook

5