UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BYRON ANDREWS,<br>  Plaintiff,<br>vs.<br>SGT. CICCONE, et al.,<br>  Defendants. | Case No. 3:23-cv-88/MMH/SJH |

**NOTICE OF NON-OBJECTION**

  NOTICE IS HEREBY GIVEN that Defendant does not object to Plaintiff's Motion for leave to file a supplemental subpoena for an investigative file relating to his termination by the Florida Department of Corrections (ECF 69), providing that undersigned counsel note that the event giving rise to the investigation occurred in July 2021 and stipulate to my error that resulted in opposing counsel not responding to my request for any objection on March 12.

  Undersigned counsel would stipulate that I agreed to provide Defendant's counsel with the exact language I would use to specify the requested records. I did send the Florida Statute, § 112.532(4)(b), that specified the records to which a corrections officer is entitled when disciplinary action is anticipated. I also drafted and *intended* to send the language I would use in the subpoena but *forgot to send* the second e-mail. The language was as follows:

**Requested Supplemental Item:**

As to the matter ultimately resulting in the termination of former sergeant Alexander Ciccone as a Florida Department of Corrections (FDC) employee, a copy of all records that Mr. Ciccone was entitled to receive from FDC pursuant to §112.532(4)(b) Florida Statutes before "disciplinary action consisting of suspension with loss of pay, demotion, or dismissal" was imposed.

Undersigned counsel understandably never received the non-objection because opposing counsel never received the second e-mail which was an essential condition for any non-objection. On her late receipt of the promised language, opposing counsel, Ms. Villalpando requested that the following words (highlighted below) be added to the description of the records:

**Requested Supplemental Item:**

As to the ==July 2021 event== ultimately resulting in the termination of former sergeant Alexander Ciccone as a Florida Department of Corrections (FDC) employee, a copy of all records that Mr. Ciccone was entitled to receive from FDC pursuant to §112.532(4)(b) Florida Statutes before "disciplinary action consisting of suspension with loss of pay, demotion, or dismissal" was imposed.

Plaintiff is grateful that Ms. Villalpando was willing to discuss the matter of the supplementary discovery request and come to a mutually satisfactory compromise and undersigned counsel apologizes for failing to follow through with the promised language, leaving the unjustified impression that it was Ms. Villalpando rather than he himself who had been at fault.

Respectfully Submitted on 3/14/2025,    /s/ James Cook
                                        Attorney for Plaintiff
                                        JAMES COOK, ESQ.
                                        Florida Bar No. 966843
                                        Law Office of James V. Cook

2

314 West Jefferson Street  
Post Office Box 10021  
Tallahassee, Florida 32301  
Telephone: (850) 222-8080  
Email: cookjv@gmail.com

I certify that a true copy hereof is served on counsel of record for Defendant via the Court's CM/ECF system on 3/14/2025.

<i>/s/James Cook</i>