UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**BYRON ANDREWS,**
**DC# B06604,**
    **Plaintiff,**

v.                                    **CASE NO.: 3:23-cv-88-MMH-SJH**

**SGT. CICCONE,**
    **Defendant.**
_____/

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

Pursuant to Fed. R. Civ. P. 56(c)(2), Defendant Cicione objects to Plaintiff's Exhibits and purported evidence that Plaintiff utilizes in support of his Response to Defendant's Motion for Summary Judgment. (Docs. 72-73), on the following grounds:

## PROCEDURAL HISTORY

1. On August 27, 2024, Defendant filed his Motion for Summary Judgment ("Motion"), supported by Exhibits. (Doc. 45).

2. Plaintiff filed his Response to Defendant's Motion on April 28, 2025. (Doc. 73). Plaintiff also supported his Response with several Exhibits. (Doc. 72).

## OBJECTIONS TO EVIDENCE PRESENTED BY PLAINTIFF

1. Defendant objects to the Declaration of Byron Andrews (Doc. 72 - 3) as being inadmissible hearsay.

2. Defendant objects to Plaintiff's reliance on hearsay statements allegedly made by inmate Angel Herrera and several corrections officers.

1

## **MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure allow parties to object to facts that are not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). The 11th Circuit has also instructed that evidence can only be considered on a Motion for Summary Judgment if it can be reduced to an admissible form at trial. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). The Eleventh Circuit clarified its earlier rulings on this point by indicating that their cases applying *Celotex* read *Celotex* "as simply allowing *otherwise admissible evidence* to be submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996). As a result, Defendant objects to evidence provided by Plaintiff in support of his Response to Defendant's Motion.

First, Defendant objects to the Declaration of Byron Andrews (Doc. 72 at 195-199) due to Plaintiff providing facts which were not addressed during and are contradictory to his deposition. In his declaration, Plaintiff asserts for the first time that Angel Herrera asked him "why Tucker had problems with [Plaintiff]." See Doc. 72 at 196, ¶196. More importantly, Plaintiff asserts for the first time that Herrera told Plaintiff that the food items were a "reward" for assaulting Plaintiff. *Id.* at ¶7. Nor did Plaintiff previously alleged that Defendant had spoken with Herrera after the alleged attack. *Id.*

Plaintiff was asked about what Herrera said to him after the alleged sexual assault and Plaintiff answered, "[A]ll he told me was I'm lucky that ... that's all he

2

did, and that he was supposed to hit me and that's it." See Doc 76-5 at 26, ¶¶ 16-22. As for the interaction between Defendant and Herrera on May 17, 2021, Plaintiff described as follows: "Sergeant Ciccone comes back to the cell after breakfast is served and he places some personal food items of his and he gives it to Angel Herrera and kind of nods at him and winks … I can only assume and conclude that that was paid off for the assault." See Doc. 76-5 at 24-25, ¶¶21-24, ¶¶5-6. Plaintiff was asked to further clarify how the Defendant allegedly dropped off the food items, and Plaintiff answered, "…so he reopened the flap and placed those items inside the cell." *See* Doc. 76-5 at 26, ¶¶1-7. Plaintiff never alleged that Defendant spoke to Herrera when he allegedly dropped off the food items. *Id.*

Second, Defendant objects to Plaintiff's reliance on hearsay statements to demonstrate his cause of action. Plaintiff relies on statements from Angel Herrera to support his position that Defendant was aware of Herrera's CM status and the danger of placing Plaintiff with Herrera. Plaintiff alleges that Herrera told Defendant, "You do know that on I'm on C.M. – 1" and that Plaintiff was lucky that that's all Herrera did because he was supposed to stab him. *See* Doc. 76-5.

The statements referenced by Plaintiff are being utilized to prove that Defendant knew of Herrera's CMI status and that Defendant was aware of the risk of placing Plaintiff in a cell with Herrera because Defendant was the one who created the risk. Additionally, Plaintiff relies on statements by Captain Cooper and Willis to support his allegation of the existence of an "institutional culture of deliberate indifference." *See* Doc. 73 at 7. The purported statements do not fit into

3

any hearsay exception under the Federal Rules of Evidence. There is no reliability in the accuracy of the alleged statements, several of which have only been introduced by the Plaintiff in his Response but are notably absent from his deposition. Therefore, the statements relied upon by Plaintiff are hearsay and should not be considered.

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Court decline to consider the evidence referenced in these Objections.

JAMES UTHMEIER
ATTORNEY GENERAL
*/s/ Juanita Villalpando*
Juanita Villalpando (FBN 1036083)
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
Juanita.Villalpando@myfloridalegal.com

CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing *Defendant's Objections to Plaintiff's Evidence* was e-filed electronically through CM/ECF and served on all registered counsel on May 12, 2025.

*/s/ Juanita Villalpando*
Juanita Villalpando

4