UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88/MMH/SJH

**MOTION TO STRIKE "OBJECTION TO PLAINTIFF'S EVIDENCE"**

Plaintiff Byron Andrews moves this Honorable Court to strike Defendant's unauthorized filing "Objection to Plaintiff's Evidence" (Doc. 77)[1] ("Objection") and would show as follows:

On April 28, 2025, Plaintiff responded (Doc. 73) to Defendant's Summary Judgment Motion (Doc. 45). On May 12, 2025, Defendant replied to Plaintiff's response. (Doc. 76). Defendant also filed a paper styled "Objection to Plaintiff's Evidence" (Doc. 77), which had the effect of untimely supplementing and extending his Reply and also the effect of adding additional excess pages to the Reply, also without leave. In sum, Defendant acts to evade the page limitations of the Local Rules and to add facts and issues to Defendant's Reply.

---

[1] Although the "Objection" may be authorized by Fed.R.Civ.P. 56(c)(2), they should have been made in the Reply and does not justify exceeding page limits under the Rules.

## MEMORANDUM OF LAW

Middle District Local Rule 3.01(d) already provides for an opportunity to reply to a response to a summary judgment motion. *See McKnight v. United Parcel Serv., Inc.*, No. 6:22-CV-622-PGB-RMN, 2023 WL 11892945, at *2 (M.D. Fla. Nov. 30, 2023) (defendant's request for leave to separately file objections apart from the Reply denied, as proper method to exercise the right to object to summary judgment evidence is through a reply). Here, Defendant already exceeded the page limit, without leave, by incorporating by reference its Statement of Facts from its Motion for Summary Judgment. With the separately filed "Objections," it adds four more pages to the Reply, violating page limits.[2] Defendant's objections should have been made in the Reply, not in a supplemental, unauthorized filing.

Counsel and all parties "shall comply" with court orders and Local Rules on submissions to the Court, including page limitations. *Hughes v. GEICO Gen. Ins. Co.*, No. 615CV280ORL40GJK, 2016 WL 9559910, at *4 (M.D. Fla. June 16, 2016). Here, filing the unauthorized paper, "Objections to Plaintiff's Evidence," effectively serves as an unauthorized circumvention of page limitations for a Reply, violating Local Rules. In *Tanner v. Neal*, a *pro se* inmate

---

[2] *See McKnight*, ("Defendant correctly summarized that a reply is the proper method to exercise the right to object.") *Id*. at *1.

complaint was dismissed without prejudice for failure to follow the page limitations after a court warning, even with the liberal construction given *pro se* pleadings. 232 Fed. Appx. 924 (11th Cir. 2007). Attorneys are presumed to know and take warning from the Rules. In *Stalley v. ADS Alliance Data Systems, Inc.*, the district court granted a defendant's Motion to Strike Unauthorized Paper, namely "Plaintiff's Notice to Correct the Record" and "Amended Declaration of Jeremiah Hallback," which were unauthorized papers that confused the record and prejudiced the opposing party. 2013 WL 1969262 (M.D. Fla May 13, 2013) at *2. Here, the unauthorized filing of Defendant's "Objections" violate the Local Rules to Plaintiff's prejudice.

WHEREFORE, Plaintiff moves this Honorable Court to Strike Defendant's Unauthorized "Objection to Plaintiff's Evidence."

Respectfully Submitted on 5/19/2025   /s/James Cook
Attorney for Plaintiff
JAMES COOK, ESQ. (0966843)
Law Office of James V. Cook
314 West Jefferson Street
Tallahassee, Florida 32301
Telephone: (850) 222-8080
Email: cookjv@gmail.com

I hereby certify that I conferred in good faith with opposing counsel by phone pursuant to LR 3.01(g), and counsel does object to the Motion to Strike.

I certify that a true copy hereof is served on counsel of record for Defendant via the Court's CM/ECF system on 5/19/2025.

/s/James Cook

3