# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88/MMH/SJH

## PLAINTIFF'S UNOPPOSED SECOND AMENDED MOTION FOR LEAVE TO SUR-REPLY

Plaintiff Byron Andrews moves this Honorable Court for Leave to Sur-Reply to Defendant's Reply (Doc. 83) to Plaintiff's Response (Doc. 73) to Defendant's Motion for Summary Judgment (Doc. 45), and would show this Motion is not objected to by opposing counsel and would further show:

### PROCEDURAL HISTORY

1. On August 27, 2024, Defendant filed his Motion for Summary Judgment. (Doc. 45). On April 28, 2025, after an extension to procure additional discovery, Plaintiff filed his Response. (Doc. 73).

2. On May 23, 2025, Defendant filed his initial Reply (Doc. 76) as well as Objections to Plaintiff's Evidence (Doc 77). On May 19, 2025, Plaintiff filed his Motion for Leave to Surreply (Doc. 79), amending the Motion (Doc. 81), and to Strike Objection to Plaintiff's Evidence (Doc. 80).

3. On May 21, 2025, this Court issued an Order striking Defendant's Reply (Doc. 76), Notice of Filing (Doc. 78), and Objections (Doc. 77), and allowed Defendant to file an amended reply. (Doc. 82).

4. On June 6, 2025, Defendant filed his new Reply. (Doc. 83). Plaintiff contends that several issues remain for discussion appropriate for Sur-Reply.

## ISSUES FOR SURREPLY

1. Defendant argues that Plaintiff has not provided evidence that he knew of Herrera's CM-I status." (Doc. 83 at 6). Plaintiff seeks to demonstrate that competent evidence of Defendant's acts and words show at least deliberate indifference and could allow a reasonable jury to infer actual knowledge.

2. Defendant's Exhibit B (Doc. 82-3), the Kirkland Declaration, is new evidence, executed on the date of the Amended Reply (Doc. 83). It provides for the first time technical details relating to the Department of Corrections' system for avoiding incompatibility not previously provided. Plaintiff would seek to show how the new information is at odds with earlier declarations.

3. Defendant invites the Court to weigh Herrera's few reports (DRs) for violence as against Plaintiff's claim of objective risk. Plaintiff seeks to show that record evidence, including Herrera's own words, shows otherwise.[1]

---

[1] Plaintiff submits that his Response adequately argues that Herrera's CM-I status alone should have precluded housing Plaintiff with him.

2

## MEMORANDUM OF LAW

Although the Court may, in its discretion, permit the filing of a Sur-Reply only where a valid reason for additional briefing exits, "such as where the movant raises new arguments in its reply brief." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005), Plaintiff seeks to Sur-Reply to Defendant's Reply to discuss whether the Reply raised new arguments to which Plaintiff had no fair opportunity to respond.

### 1. Issue of Documentation of Herrera's CM Status

Defendant argues that he was dependent on others for information regarding Inmate Herrera's status with regard to his classification level. There is a vague suggestion that someone else was responsible for the Daily Record of Special Housing form, DC6-229, that showed Herrera on Administrative Confinement (AC) status. (Doc. 45 at 11). In his Reply, Defendant explicitly argues there was no proof that he had actual knowledge of Herrera's CM-I status if the DC6-229 "did not have a notation signifying that he had been approved for CM-I." (Doc. 83 at 6)—thus attempting to leave the impression that he was not the person who maintained the DC6-229 form. Plaintiff seeks to Sur-Reply to correct that impression.

### 2. Issue of the Capacity for Error in Inmate Housing

The Florida Department of Corrections (FDC) has a system called the

3

Inmate Behavioral Assessment Scale (IBAS). In his Motion for Summary Judgment, Defendant presents affidavits to argue FDC has a fail-safe system to automatically preclude housing incompatible inmates together. Plaintiff would seek to present the contradictions inherent in Defendant's IBAS arguments.

### 3. Issue of the Objective Risk of Harm Presented by Inmate Herrera

Plaintiff argued there was an objective risk of harm to Plaintiff from Inmate Herrera against which Defendant argues for the first time in his Reply the fairly innocuous nature of Herrera's disciplinary record. (Doc. 83 at 4). Plaintiff wishes to Sur-Reply to show the scope of the evidence of risk.

WHEREFORE, Plaintiff moves this Honorable Court for leave to file a Sur-Reply on the issues and arguments first raised in the Reply.

Respectfully Submitted on 6/18/2025   /s/James Cook
JAMES COOK, ESQ.
Florida Bar No. 966843
Law Office of James V. Cook
314 West Jefferson Street
Post Office Box 10021
Tallahassee, Florida 32301
Telephone: (850) 222-8080
cookjv@gmail.com

JOSHUA TARJAN, ESQ.
Florida Bar No. 107092
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747; (786) 842-4430 fax
josh@tarjanlawfirm.com

4

Attorneys for Plaintiff

I hereby certify that I conferred in good faith with opposing counsel pursuant to LR 3.01(g), and counsel does not object to this Motion.

I certify that a true copy hereof, totaling 696 words, is served on counsel of record for Defendant via the Court's CM/ECF system on 6/18/2025.

<em>/s/James Cook</em>