# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BYRON ANDREWS,

    Plaintiff,

vs.

SGT. CICCONE, et al.,

    Defendants.

Case No. 3:23-cv-88/MMH/SJH

## PLAINTIFF'S THIRD AMENDED
## MOTION FOR LEAVE TO SUR-REPLY

Plaintiff Byron Andrews moves this Honorable Court for Leave to Sur-Reply to Defendant's Reply (Doc. 83) to Plaintiff's Response (Doc. 73) to Defendant's Motion for Summary Judgment (Doc. 45), and would show this Motion is not objected to by opposing counsel and would further show:

1. On May 23, 2025, Defendant filed his initial Reply (Doc. 76). On May 19, 2025, Plaintiff filed his Motion for Leave to Surreply (amended) (Doc. 81) and to Strike Objection to Plaintiff's Evidence (Doc. 80).

2. On May 21, 2025, this Court issued an Order striking Defendant's Reply (Doc. 76), Notice of Filing (Doc. 78), and Objections (Doc. 77), and allowed Defendant to file an amended reply. (Doc. 82).

3. On June 6, 2025, Defendant filed his new Reply. (Doc. 83). Plaintiff contends that several issues remain for discussion appropriate for Sur-Reply.

## MEMORANDUM OF LAW

A Court has discretion to permit a Sur-Reply where a valid reason exists, "such as where the movant raises new arguments in its reply brief." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

### 1. Issue of Documentation of Herrera's CM Status

In his Reply, Defendant explicitly argues there was no evidence that he had actual knowledge of Herrera's CM-I status if the DC6-229 "did not have a notation signifying that he had been approved for CM-I." (Doc. 83 at 6). Plaintiff seeks to Sur-Reply to show that there is such evidence and that Defendant was responsible for maintaining Plaintiff's classification status on the weekly DC6-229 from a computer roster he had access to.

### 2. Issue of the Capacity for Error in Inmate Housing

The Florida Department of Corrections (FDC) has a system called the Inmate Behavioral Assessment Scale (IBAS). In his Reply, Defendant presents new evidence – a new affidavit by an FDC Deputy Director of Institutional Operations – raising a novel issue, showing that at the time of the incident that is the subject of this lawsuit the IBAS system would not have blocked an inmate cell placement (Doc. 83-2), thereby effectively contradicting an earlier affidavit by another FDC employee, filed with the Motion for Summary Judgment, regarding procedures for housing inmates together (Doc. 45-2).

Plaintiff would seek to show how the new affidavit actually supports Plaintiff.

### 3. Issue of the Objective Risk of Harm Presented by Inmate Herrera

Plaintiff argued there was an objective risk of harm to Plaintiff from Inmate Herrera against which Defendant argues for the first time in his Reply the fairly innocuous nature of Herrera's disciplinary record. (Doc. 83 at 4). Plaintiff wishes to Sur-Reply to show the scope of the evidence of risk.

WHEREFORE, Plaintiff moves this Honorable Court for leave to file a Sur-Reply on the issues and arguments first raised in the Reply.

Respectfully Submitted on 6/25/2025

|  | */s/James Cook* |
|---|---|
| JOSHUA TARJAN, ESQ. | JAMES COOK, ESQ. |
| Florida Bar No. 107092 | Florida Bar No. 966843 |
| The Tarjan Law Firm P.A. | Law Office of James V. Cook |
| 12372 SW 82 Avenue | 314 West Jefferson Street |
| Pinecrest, FL 33156 | Post Office Box 10021 |
| (305) 423-8747; (786) 842-4430 fax | Tallahassee, Florida 32301 |
| josh@tarjanlawfirm.com | Telephone: (850) 222-8080 |
|  | cookjv@gmail.com |

Attorneys for Plaintiff

I hereby certify that I conferred in good faith with opposing counsel pursuant to LR 3.01(g), and counsel did not object to a Sur-reply.

I certify that a true copy hereof, totaling 466 words, is served on counsel of record for Defendant via the Court's CM/ECF system on 6/25/2025.

*/s/James Cook*

3